### C. CHAPMAN *v.* THE STATE.

1. REASONABLE DOUBT is that state of case which, after a full consideration and comparison of all the evidence, leaves the jury without an abiding conviction to a moral certainty of the truth of the charge.

2. CHARGE OF THE COURT. — The exact language of article 640 of the Code of Criminal Procedure will convey to a jury the meaning of "reasonable doubt" more correctly than labored efforts to explain it.

3. NEW TRIAL. — The judge of the court below, having the witnesses before him, and observing their manner of testifying, is, as a general rule, more favorably circumstanced than an appellate court can be to determine whether a new trial should be granted on account of the evidence.

APPEAL from the District Court of Houston. Tried below before the Hon. R. S. WALKER.

*W. B. Wall,* for the appellant.

*George McCormick,* Assistant Attorney General, for the State.

ECTOR, P. J. The defendant was indicted, tried, and convicted in the District Court of Houston County, for the theft of a hog, and his punishment assessed at two years in the state penitentiary. There is no objection to the indictment.

Among other instructions the court charged the jury as follows: " A mere possibility that a man may be innocent, notwithstanding facts and circumstances that reasonably create a belief of guilt, and which is inconsistent with any

reasonable hypothesis of innocence, is not a reasonable doubt, but may be denominated a fanciful doubt." This instruction is assigned as error.

We are unable to perceive any error in the above instruction. A reasonable doubt is not a mere possible doubt, because, as was said by the learned chief justice of Massachusetts, in Dr. Webster's case, everything relating to human affairs and depending on moral evidence is open to some possible or imaginary doubt.

A reasonable doubt is that state of the case which, after the entire comparison and consideration of all the evidence, leaves the minds of the jurors in that condition that they cannot say they feel an abiding conviction to a moral certainty of the truth of the charge. We will repeat what we have heretofore said in substance : that, in our judgment, if the court would give in charge to the jury the exact language of article 3105 of the Code of Criminal Procedure, the jury would be quite as well informed as to the meaning of the term " *reasonable doubt* " as they would be after a labored effort to explain it.

The charge of the court was quite as favorable to the defendant as the evidence warrants. There was a conflict in this evidence. It was the province of the jury to reconcile the conflict if they could ; and, if they could not do this, to give the testimony of the respective witnesses the credit they believed it deserved.

As a general rule the district judge is in a much better condition than this court to determine whether the defendant ought to have a new trial. He has the witnesses before him, hears them testify, and sees their manner on the stand. We cannot say that in this case the district judge erred in refusing a new trial, or that the verdict of the jury is contrary to the law and the evidence. The judgment of the lower court is affirmed.

*Affirmed.*